## IN THE CIRCUIT COURT OF LEFLORE COUNTY, MISSISSIPPI

**SARAH CLINE**                                                      **PLAINTIFF**

**VS.**                                                           **CAUSE NO.: 2023-0025-CICI**

**WAL-MART STORES, INC.,**
**WAL-MART STORES EAST, LP,**
**WALMART SUPERCENTER #716,**
**JOHN DOE(S) 1-10, AND**
**JOHN DOE COMPANY(IES) 1-10**                                    **DEFENDANTS**

### COMPLAINT
### (Jury Trial Requested)

**COMES NOW**, the Plaintiff Sarah Cline files this complaint against the Defendants, Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, Walmart Supercenter #716, John Doe(s) 1-10 And John Doe Company(ies) 1-10 and in support thereof, would show unto the Honorable Court the following to-writ:

### I. PARTIES

1. Plaintiff, Sarah Cline is an adult resident of Jackson County, Mississippi whose home address is 119 Bryant Street, Ocean Springs, Mississippi 39564.

2. Defendant, Wal-Mart Stores, Inc. is a domestic company, with its principal place of business in Bentonville, AR, authorized to do business within the State of Mississippi and may be served with process through its registered agent C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3. Defendant, Wal-Mart Stores East, LP, is a domestic company, with its principal place of business in Bentonville, AR, authorized to do business within the State of Mississippi and may be served with process through its registered agent C T Corporation System, 645 Lakeland East Drive,

Suite 101, Flowood, MS 39232.

4. Defendant, Walmart Supercenter #716, is a domestic company, with its principal place of business in Bentonville, AR, authorized to do business within the State of Mississippi and may be served with process through its registered agent C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

5. John Doe(s) 1-10 are any unknown person who may have been responsible for or who have contributed to the negligence alleged herein. They will be added as defendants hereto after their identities become known.

6. John Doe Corporation(s) 1 – 10 are any unknown corporations who may have been responsible for or who may have contributed to the negligence alleged herein or any unknown insurance companies which provide liability insurance coverage, uninsured/underinsured motorist coverage, umbrella coverage, and/or medical payments coverage for the losses claimed in this Complaint, but which are unknown to Plaintiff at this time. They may be added as defendants when their identities become known.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over the parties and subject matter as this injury occurred in Leflore County, Mississippi. Further, the amount in controversy falls within this Court's statutory limit. Therefore, both jurisdiction and venue are proper in this Court.

## III. FACTS

8. At all times relevant to this matter, on or about April 26, 2020, the Plaintiff, Sarah Cline, was acting reasonably and in a prudent regard for her own safety, while she was shopping in Walmart Supercenter #716 in Greenwood, Mississippi.

9. The Plaintiff was walking down the aisle where she slipped and fell in an unknown slippery oil like substance.

10. Walmart Supercenter #716, did not have a wet floor sign or any other caution sign near the substance where the Plaintiff fell. Plaintiff sustained serious bodily injuries as result of her fall.

## IV. NEGLIGENCE

11. Because the Plaintiff was an invitee of Walmart within her rights to be on the premises as a customer, Defendants owed her the following duties:

   (a) The duty to provide training to the employees of Walmart Supercenter #716, in order to ensure a safe environment for all persons on their business properties, including but not limited to Plaintiff;

   (b) The duty to ensure that their employees of Walmart Supercenter #716 that are in the scope of performing their employment duties warn Plaintiff and other customers of the dangers to her person while present on the premises;

   (c) The duty to ensure that their employees maintain reasonable safety on their premises, including the posting of caution or warning signs in public areas with hazardous conditions, in a manner to ensure the safety of customer and invitees;

   (d) The duty to exercise reasonable care, safety and caution as a prudent business owner would under similar circumstances to prevent bodily injury to their customers as a result of hazardous conditions on their premises;

   (e) The duty to reasonably inspect their premises for hazardous conditions that could foreseeably cause bodily injury to their customers or invitees;

   (f) The duty to warn invitees of hazardous conditions on their premises; and

   (g) The duty to timely repair, cure, clean, or remove any hazardous conditions within a reasonable time of discovery or notice thereof.

13. Defendants breached all of these duties by failing to maintain a reasonably safe environment and negligently creating a hazardous condition without also

providing adequate warning to invitees. Defendants' employees negligently failed too reasonably inspect all public areas on the premises for hazardous conditions, failed to adequately warn invitees of any discovered hazardous conditions, and failed to repair, cure, clean, or remove such hazardous conditions within a reasonable time after discovery of the hazardous condition or notice thereof. As a foreseeable result of these acts of negligence, Defendants directly and proximately caused Plaintiff's injuries and resulting damages.

12. Because Defendants' employees were acting within the course and scope of their employment with Walmart prior to and during the time that Plaintiff suffered her injuries, Defendants are vicariously liable for all of Plaintiff's resulting damages caused by the negligence of their employees in failing to maintain a reasonably safe environment.

## V. DAMAGES:

13. As a direct and proximate result of the Defendants' breached duties, Plaintiff suffered bodily injury and other damages through no fault of her own including, but not limited to, the following:

(a) Past, present and future physical pain and suffering;

(b) Emotional and mental suffering or distress both past, present and future;

(c) Hospital bills, doctor bills, prescription drug bills and other medical and medical-related expenses which have been incurred and which will continue to be incurred in the future;

(c) Temporary physical impairment and disability; and

(d) Loss of enjoyment of life.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for a judgment to be

entered in her favor of, from and against the Defendants in an amount within the jurisdictional limits of this Court, the exact amount of which to be determined at the trial of this matter, which will fairly and adequately compensate Plaintiff for her injuries, damages, and losses past and future against the Defendant herein. Further, Plaintiff prays that the Court will award her interest as permitted by law, costs of this suit, expert fees, and for whatever and future relief this Court may deem just and proper.

RESPECTFULLY SUBMITTED this the 6th day of April, 2023.

SARAH CLINE, PLAINTIFF

BY: *(signature)*
KIRA D. NEWSON (MSB# 106322)

OF COUNSEL:
Kira D. Newson
SCHWARTZ & ASSOCIATES, P.A.
162 East Amite Street (39201)
P.O. Box 3949
Jackson, MS 39207-3949
Telephone: (601) 988-8888
Facsimile: (601) 949-7929
knewson@1call.org

FILED
APR 06 2023
ELMUS STOCKSTILL, CIRCUIT CLERK
BY *(signature)*, D.C.