IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SARAH CLINE                                                                                                    PLAINTIFF

V.                                                                         CIVIL ACTION NO. 4:23-CV-71-SA-JMV

WAL-MART STORES EAST, LP, *et al.*                                                         DEFENDANTS

ORDER

This civil action concerns a slip and fall incident that occurred on April 26, 2020 at the Wal-Mart Supercenter in Greenwood, Mississippi. Sarah Cline contends that she slipped and fell on a slippery substance located on the floor of the store. Cline filed her Complaint [2] in state court, and Walmart removed the case to this Court on April 21, 2023. On June 5, 2023, the Court entered a Case Management Order [17] setting numerous deadlines associated with the case, and the case is currently set for trial on July 29, 2024. *See* [18]. The discovery deadline was December 5, 2023.

On January 5, 2024, Walmart filed a Motion for Summary Judgment [28]. In essence, Walmart contends that there is no evidence that it had any knowledge of the condition—"a necessary element of a premises liability claim[.]" [30] at p. 5. Cline opposes Walmart's request. In particular, she argues that there is evidence to support the knowledge element of her claim. She also requests that she be permitted, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, to conduct additional discovery to oppose Walmart's Motion [28] more adequately. Consistent with the language of Rule 56(f), Cline attached to her filing an Affidavit of Attorney. *See* [31], Ex. 8. In the Affidavit, Cline's counsel, Kira D. Newson, Esq., identifies the following "specific reasons discovery will create genuine, triable issues of material facts":

> a.   Inspection logs and reports that were not provided by Defendant during the written discovery process, to determine if any inspections were completed before the

            Plaintiff's fall will speak directly to breach of duty and notice.

    b.    Deposition of Walmart concerning, but not limited to, Walmart's policies and procedure on incident reports [regarding] accidents reported and completion of any incident reports that relate to slip and falls?

    c.    Information as to the identity of the three individual employees seen on the video, who worked at the Greenville Walmart store on the date of the accident?

    d.    What role did the Defendants play in the oil-like [substance] seeming to have been on the floor for some time?

[31], Ex. 8 at p. 2.

Cline has also filed a Motion to Extend CMO Deadlines [38] and a separate Motion to Continue Trial [37]. Notably, Cline represents in both filings that Walmart does not oppose the requested relief. In the Motion to Continue Trial [37], Cline requests that the Court continue the trial from July 29, 2024 to "until after December 2, 2024." [37] at p. 1.

The Court notes that multiple things are unclear from the filings in the record. First, Newson's Affidavit alleges that certain inspection logs and reports were not disclosed during discovery—it is unclear whether production was requested and, if so, why those documents were not produced and why compelled production of the same was not sought. It is similarly unclear why the other information outlined in the Affidavit was not sought during the provided discovery period. In addition, it is unclear why Cline waited until *after* the expiration of the discovery deadline to seek the present extension. Nonetheless, in an effort to not prejudice the parties, the Court will grant a brief extension of the deadlines and continuance of the trial date. However, the parties are hereby specifically advised that the Court does not intend to grant any additional extensions or continuances in this case.

The Motion to Extend CMO Deadlines [38] and Motion to Continue Trial [37] are GRANTED. The trial will be reset for Monday, December 9, 2024. The Magistrate Judge will reset all applicable deadlines in accordance with the new trial date. The Motion for Summary Judgment [28] is DENIED *without prejudice*.[1] Cline's other Motion to Extend CMO Deadlines [34] is DENIED as moot. As indicated above, the Court does not intend to grant further extensions and/or continuances.

SO ORDERED, this the 31st day of January, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the parties did not specifically indicate whether there was an agreement that the Motion for Summary Judgment [28] be withdrawn. In fact, Walmart has since filed its (untimely) Reply [39] in support of its Motion [28]. However, according to Cline's filings, Walmart does not oppose the requested extension and continuance. Thus, the Court is left in a precarious position of attempting to surmise the parties' intent. Nonetheless, in light of the fact that the Court is inclined to grant a brief extension of the discovery deadline, the Court will deny Walmart's present Motion for Summary Judgment [28] *without prejudice*. Doing so will allow Walmart to, if necessary, supplement and re-file the Motion [28], in accordance with the new motions deadline, in light of the anticipated discovery.